FILED

district court of the United States
Northern District of Ohio
Lambros Fed. Bldg. & U.S. Courthouse
125 Market Street, Room 337
Youngstown, OH 44503-1787

2017 JUN 20 PM 2: 48

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

| | | |
|---|---|---|
| Charles C. Supplee and Donna R. Supplee<br>1208 Tisch Road<br>Jefferson, Ohio 44047,<br><br>       Plaintiffs<br>  v.<br><br>Steven Turner Mnuchin<br>C/o 1500 Penna. NW<br>Washington, DC 20220;<br><br>John Koskinen<br>C/o 1111 Constitution Ave. NW<br>Washington, DC 20224;<br><br>David A. Hubbert<br>C/o U.S. Dept. of Justice<br>P.O. Box 55<br>Washington, DC 20044; and<br><br>J. Does, IRS agents,<br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>1:17 CV 1293<br><br>Judge: JUDGE POLSTER<br><br>MAG. JUDGE PARKER<br><br>Complaint<br><br><br><br><br>**Trial by Jury Demanded** |

### Jurisdiction

This Court has jurisdiction under Article III of the Constitution for the United States of America, 42 USC 1983, *et seq.*, and 28 USC 1331 and 1343. Supplemental jurisdiction over the pendant state law claims is proper pursuant to 28 USC 1367(a) and common law. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

### Nature of Action

1.     This is a civil action under 42 USC 1983, *et seq.*

2.     Section 1983 states: "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress..." This case arises under the Constitution for the United States of America and 42 U.S.C. Sections 1983 *et seq.*, as amended.

3. Venue is proper in this forum as the actions complained of took place in this judicial district.

### Parties

4. Plaintiffs are American adults living in Jefferson, Ohio.

5. Defendant Steven Turner Mnuchin ("Mnuchin") is a person acting under color of law as the Secretary of the Treasury.

6. Defendant John Koskinen ("Koskinen") is a person acting under color of law as the Commissioner of Internal Revenue.

7. Defendant David A. Hubbert ("Hubbert") is a person acting under color of law as the Acting Assistant Attorney General.

8. Defendants J. Does are the IRS persons acting under color of law.

### Undisputed Facts

9. The Sixteenth Amendment to the Constitution for the United States of America states:

> The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

10. Since there is no apportionment, taxes on incomes are indirect taxes.

11. For tax purposes, Congress has defined "income" as profit or gain. See Income Tax Acts of 1909, 1913, 1916 and 1917.

12. For tax purposes, the U.S. Supreme Court has defined "income" as profit or gain. See, *Stratton's Independence v. Howbert*, 231 U.S. 399; *Eisner v. Macomber*, 252 U.S. 189; and *Merchant's Loan & Trust Co. v. Smietanka*, 255 U.S 509.

13. The IRS lists the "sources" from which "income" is derived. See Exhibit A, attached hereto and made a part hereof.

14. Apples **come from** apple trees.

15. Apples are not the tree nor is the tree the apples.

16. Income (profit or gain) **comes from** sources.
17. Income is not the sources nor are the sources income.

## Complaint

18. Defendants have been knowingly and illegally taxing Plaintiffs' sources and levying Plaintiff Charles C. Supplee's pension.

19. Said illegal levy is in the amount of $143,688.55.

20. Defendants take $2965.73 from Plaintiff Charles C. Supplee's pension fund every month.

21. As of October 1, 2016, Defendants have taken $192,772.45.

22. Defendants have taken $49,083.90 MORE than the amount of the levy.

23. The money illegally taken by Defendant has increased, and is continuing to increase by $2965.73 every month since October 1, 2016.

24. Defendants know that they have no authority to tax sources, but they knowingly do so anyway.

25. Any claim of immunity from this action is wholly without merit. Defendant Mnuchin employs all those persons engaged in enforcement of internal revenue laws and all such persons act under the direction and orders of Defendant Mnuchin. In this case, it is clear that Defendant Mnuchin has directed and ordered his employees to arbitrarily despoil citizens of their labor. This is a blatant violation of the Constitution. Accordingly, Defendant Mnuchin, and all other Defendants, has acted outside their constitutional limitations, has lost their umbrella of immunity in this case and this case is ripe for suit.

26. Defendants' acts herein also form a pattern of racketeering.

27. The herein "predicate acts" of Defendants under both RICO and Hobbs, do establish a pattern of racketeering, and extortion, by Defendants which constitute the "enterprise".

28. A "Pattern of Racketeering activity" is defined to be a pattern that has both continuity and relationship. This pattern began in the 1980's (and most likely before that) with Defendants' multiple letters, levies and notices Plaintiffs; it continues to this moment, and there is certainly a threat that such activity will continue into the future. The activities of racketeering continue, and there is no evidence available to Plaintiffs that even suggests discontinuance of these activities. Continuation of this pattern by Defendants is also a continuation of damages to Plaintiffs.

29. Plaintiffs state that this pattern contains a sequence of events, over years, that all have the same and common purpose, and that that purpose is one of egregiously deliberate, calculated and malicious, fraud and extortion which is a "pattern of racketeering activity".

30. These patterns of racketeering activity, fraud, conspiracy to commit fraud and extortion were committed using communications by mail.

31. Defendants have violated Plaintiffs' right to keep the fruits of their labor which is secured by the Constitution for the United States of America.

32. Defendants' illegal actions against Plaintiffs make Defendants liable to Plaintiffs for damages.

33. Defendants' illegal actions against Plaintiffs make Defendants liable to face criminal prosecution.

34. Plaintiffs have never received "income" (profits or gains) from any or their sources listed in Exhibit A. Therefore, Plaintiffs were erroneously taxed on their sources and there can be no "levy" or "lien" on *zero*.

35. Defendants have violated their oaths of office.

### Relief Sought

36. Actual damages in excess of $143,688.55, trebled to in excess of $431,065.65.

37. Punitive damages of $1,000,000.00.

38. Order Defendants to release any and all liens and levies against Plaintiffs.

39. Such other relief (declaratory and/or injunctive) to the Plaintiffs as is just.

Wherefore, Plaintiffs respectfully request this court to grant this Complaint in its entirety and enter judgment in favor of Plaintiffs and against Defendants.

Pursuant to 28 USC 1746(1), we declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 17, 2017

All Rights Reserved,

_Charles C. Supplee_
Charles C. Supplee
C/o 1208 Tisch Road
Jefferson, Ohio 44047

_Donna R. Supplee_
Donna R. Supplee
C/o 1208 Tisch Road
Jefferson, Ohio 44047