**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHARLES C. SUPPLEE and DONNA R. SUPPLEE,** ) ) ) | **CASE NO. 1:17 CV 1293** |
| Plaintiffs, ) ) | **JUDGE DAN AARON POLSTER** |
| vs. ) ) ) | **MEMORANDUM OF OPINION** |
| **STEVEN TURNER MNUCHIN,** *et al.*, ) ) | **AND ORDER** |
| Defendants. ) | |

*Pro se* Plaintiffs Charles C. Supplee and Donna R. Supplee filed this civil rights action against the United States Secretary of the Treasury Steven Turner Mnuchin, the United States Commissioner of Internal Revenue John Koskinen, the United States Acting Assistant Attorney General David A. Hubbert and John Doe Internal Revenue Service ("IRS") employees. In the Complaint (Doc. # 1), Plaintiffs assert the IRS is illegally taxing and levying Charles Supplee's pension. They assert claims under the Racketeer Influenced Corrupt Organizations Act ("RICO"). They seek monetary damages, release from all liens and levies, and injunctive relief.

Plaintiffs also filed a Motion to Proceed *In Forma Pauperis* (Doc. #4). That Motion is granted.

**I. BACKGROUND**

Plaintiffs' Complaint does not allege many facts. They argue that taxes on "income" are indirect taxes. They contend Congress defined "income" as profit or gain. They assert that the IRS lists the "sources" from which "income is derived" but note that "Apples come from apple trees. ... Apples are not the tree nor is the tree the apples. ...Income (profit or gain) comes from sources. ... Income is not the sources [sic] nor are the sources income." (Doc. # 1 at 2). He attaches a copy of what appears to be an IRS publication that answers the question "Who Can Use Form 1040A." That form states, "You can use Form 1040A if all six of the following apply. (1) you had income from the following sources: (a) Wages, Salaries, tips. ...(e) Pensions, annuities, and IRAs. ... ." (Doc. # 1-2). They appear to conclude that, based on this statement, the IRS cannot tax their wages, salaries, tips, pension, annuities and IRAs because these are "sources" not "income." They assert the IRS is illegally levying Charles Supplee's pension.

Plaintiffs appear to assert two causes of action. They contend this is a civil rights action; however, they do not specify which of their constitutional rights they believe were violated. They simply assert they have a constitutional right to "keep the fruits of their labor" (Doc. # 1 at 3). They further assert the Defendants form an enterprise and the multiple letters, levies, and notices to Plaintiffs constitute a pattern of racketeering activity to support a violation of RICO. They seek return of the tax money they have paid, punitive damages, release from all liens and levies, and injunctive relief.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss

an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual

content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III.  ANALYSIS

Although *pro se* pleadings are entitled to a liberal construction, the Plaintiffs' Complaint, fails to allege any plausible federal claim.  Taxpayer suits for damages cannot be brought against individual federal officials under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which allows civil rights claims to be brought against federal officials analogous to those permitted against state officials under 42 U.S.C. § 1983.  *See Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997) (holding that the civil rights remedy allowed against federal officials under *Bivens* is not available against IRS agents for their alleged wrongful seizure of taxpayer property); *abrogation on other grounds recognized in Hoogerheide v. IRS*, 637 F.3d 634 (6th Cir. 2011).  In addition, when government officials are sued in their official capacity, the suit is against the government itself, and the United States has not waived its sovereign immunity for damage suits arising under the Constitution, or those arising under RICO.  *See Morris v. United States*, 540 Fed. App'x 477 (6th Cir. 2013).  The Plaintiffs' requests for declaratory and injunctive relief are also barred under the Declaratory Judgment and Tax Anti-Injunction Acts, which preclude jurisdiction over suits brought for the purpose of restraining the assessment or collection of taxes.  *See id.* at 483.

## IV.  CONCLUSION

Accordingly, Plaintiffs' Motion to Proceed *In Forma Pauperis* (Doc. #4) is granted, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                          /s/ Dan Aaron Polster     12/7/2017
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.